M & L DRILLING COMPANY, APPELLANT, *v.* FORD, ACTING CHIEF, DIVISION OF OIL AND GAS, DEPARTMENT OF NATURAL RESOURCES, APPELLEE

(Nos. 88AP-220, 88AP-221, 88AP-222 and 88AP-223—Decided November 3, 1988.)

*C. Arthur Morrow* and *Daniel R. Freytag,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Todd M. Musheff,* for appellee.

GREY, J. These are appeals from the Franklin County Court of Common Pleas. Appellant, M & L Drilling Company ("M & L"), is an oil well driller and operator. In March 1987, M & L was cited by the Chief of the Division of Oil and Gas for four violations. The four violations alleged that M & L's operation had contaminated the water wells of four families living near the oil well site. The four violations have been combined and treated as essentially one matter throughout this case, and we shall continue this and treat them jointly. The chief's order directed M & L to provide the families with a replacement source of water pursuant to R.C. 1509.22(F).

M & L did not request a hearing with the chief but, instead, appealed the orders to the Oil and Gas Board of Review ("board of review"). As part of the appeal, M & L asked the board of review to stay the chief's orders pending appeal to the board. The board of review denied the stay, and M & L appealed that denial to the Franklin County Common Pleas Court. The chief moved to dismiss, and the trial court granted the motion on the grounds that the appeals were premature, specifically that there was no record from the board of review on which the trial court might reach a decision.

This finding is critical to our discussion because appellant, M & L, seeks the reversal of orders which have never been considered or reviewed at any stage in the administrative process.

M & L designates three assignments of error which shall be treated jointly:

"I. The common pleas court erred when, without considering the

merits of the appeal, it dismissed the appeal of M & L Drilling Company from the July 15, 1987 order of the Oil and Gas Board of Review denying a temporary stay of the chief's four March 5, 1987 *ex parte* orders.

"II. The common pleas court erred when it failed to reverse the July 15, 1987 order of the Oil and Gas Board of Review and to grant a temporary stay of the chief's four March 5, 1987 *ex parte* orders on the ground that the chief's orders violate Ohio Rev. Code § 119.06.

"III. The common pleas court erred when it failed to reverse the July 15, 1987 order of the Oil and Gas Board of Review and to grant a temporary stay of the chief's four March 5, 1987 *ex parte* orders on the ground that the chief's orders violate due process of law."

In essence, M & L claims it is being denied due process because it is being compelled to obey "ex parte" orders and because it has not had the opportunity for a hearing. These claims are, frankly, absolutely unfounded.

As to the claim of being compelled to obey ex parte orders, there is absolutely nothing in the record to demonstrate that the chief has taken any action to enforce the orders. M & L did not contest the chief's orders, or even ask for a hearing.

M & L, a licensed driller, is presumed to know the statutory and administrative system for handling alleged violations set up under R.C. Chapter 1509. R.C. 1509.03, the beginning of the process, says that the chief may issue orders and "* * * [a]ny such order shall be considered an adjudication order for the purposes of Chapter 119 * * *." Appellant's claim that the chief's orders were "ex parte" is about as intellectually and legally valid as a claim that an indictment by a grand jury is "ex parte."

R.C. 119.06 specifically provides:

"The following adjudication orders shall be effective without a hearing:

"* * *

"(C) Orders or decisions of an authority within an agency if the rules of the agency or the statutes pertaining to such agency *specifically give a right of appeal* to a higher authority within such agency, to another agency, or to the board of tax appeals, *and also give the appellant a right to a hearing on such appeal.*" (Emphasis added.)

R.C. 1509.36 gives M & L the right to appeal:

"Any person claiming to be aggrieved or adversely affected by an order by the chief of the division of oil and gas may appeal to the oil and gas board of review for an order vacating or modifying such order."

It also gives M & L the right to a hearing:

"Upon the filing of such appeal the board shall promptly fix the time and place at which the hearing on the appeal will be held, and shall give the appellant and the chief at least ten days' written notice thereof by mail. * * *"

M & L did, in fact, appeal the chief's orders. Thus, any claim to ex parte action or denial of due process is wholly without merit.

As to a stay, R.C. 1509.36 also takes care of that. It says that an appellant may seek a stay pending review by the board of review:

"The filing of an appeal provided for in this section does not automatically suspend or stay execution of the order appealed from, but upon application by the appellant the board may suspend or stay such execution pending determination of the appeal upon such terms as it deems proper."

The granting or denial of a temporary stay at any adjudicatory level is always within the discretion of the decision-maker. It is always a balancing of interests. See the discussion in *Virginia Petroleum Jobbers Assn.* v.

*Fed. Power Comm.* (C.A.D.C. 1958), 259 F. 2d 921.

Appellant's entire case can be reduced to one proposition, *i.e.,* an administrative agency may never deny a request for a temporary stay without granting a hearing on that request. We reject that proposition. To be sure, sometimes a hearing on a request for a temporary stay by an adjudicatory agency may be in order, but the need for such a hearing must be demonstrated by the person seeking the stay and the hearing. M & L's request for a stay and a hearing was based solely on the premises that it was an unreasonable hardship for it to be required to provide a temporary water source for the four families during the pendency of the appeals.

Using the standard balancing test, *Virginia, supra,* the board of review would have to compare this hardship with the hardship imposed on the four families who would have to go without water for months or perhaps even years. We find no abuse of discretion in the board of review's action. M & L's request for a temporary stay was nothing more than a vague claim that it would cost M & L some money to bring its operation into compliance with the law.

The trial court found that there had been an order by the chief to correct the water contamination, an appeal to the board of review, a motion for stay, and a denial of the motion by the board. Since the case was waiting to be heard by the board of review, and since it would have to be decided by the board before there could be a record for the court to review, the trial court held correctly that there was nothing for it to decide.

There is nothing for us to decide either. Assignments of error one, two and three are wholly without merit and are overruled. The judgments of the Franklin County Court of Common Pleas are affirmed, and this cause is remanded to that court with instructions to remand the cases to the Oil and Gas Board of Review so that it can proceed on the merits without further obfuscation or delay.

*Judgments affirmed.*

STRAUSBAUGH and YOUNG, JJ., concur.

LAWRENCE GREY, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.